IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

L.G.,

      **Plaintiff,**

                                      Case No. 2:22-cv-1924
                                      Chief Judge Algenon L. Marbley
      v.                             Magistrate Judge Elizabeth P. Deavers

**RED ROOF INNS, INC.,** *et al.*,

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' Motion to Transfer Venue (ECF No. 11), Plaintiff's Response in Opposition (ECF No. 13), and Defendants' Reply in Support of Transfer (ECF No. 14). For the reasons that follow, Defendants' Motion is **DENIED**.

**I.**

Plaintiff L.G., a resident of Maryland, alleges that starting at the age of 16, she was a victim of sex trafficking from 2009 through 2012 at Defendants' Red Roof Inn hotels in Linthicum Heights, Maryland; Oxon Hill, Maryland; and Alexandria, Virginia. (Complaint ¶¶ 4, 11, ECF No. 1 ("Compl.").) Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC have their corporate headquarters and principal places of business in New Albany, Ohio. (*Id.* ¶ 11.) On April 9, 2022, Plaintiff filed this action seeking to hold Defendants liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). (*Id.* ¶ 3.)

Plaintiff alleges that the hotel Defendants knew that sex trafficking occurred on their properties, they facilitated and benefitted from Plaintiff's trafficking, and they knew or should

have known of Plaintiff's sex trafficking. (*Id.* ¶¶ 2, 9, 123, 131.) Plaintiff asserts that Defendants failed to take several steps to intervene or prevent sex trafficking on their properties. (*Id.* ¶¶ 7, 135.) Further, Plaintiff alleges that Defendants' hotel staff should have recognized signs of her trafficking, such as "[e]xcessive requests for sheets, cleaning supplies, towels, and room service" and "[t]rash cans full of used condoms and condom wrappers"; and signs of her physical deterioration, "including visible bruising and physical and verbal abuse occurring in public areas" of Defendants' hotels. (*Id.* ¶¶ 36–38) (noting "several consistent red flags, that were readily noticeable to employees"). Plaintiff contends, *inter alia*, that Defendants "failed to develop [and implement] mandatory and comprehensive training to prevent human trafficking . . . . [and] failed to enact robust policies and practices to ensure continuous, directed action to combat human trafficking on their properties." (*Id.* ¶ 21.)

Defendants have moved for this Court to transfer venue to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404. (ECF No. 11.) Plaintiff has opposed Defendants' Motion (ECF No. 13), and Defendants have filed a Reply in support of their request. (ECF No. 14.) This matter is now ripe for consideration.

## II.

Defendants move to transfer venue pursuant to 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The threshold issue under § 1404(a) is whether the action could be brought in the transferee court. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). If a case could be brought in the court "the issue becomes whether transfer is justified under the balance of the language of § 1404(a)." *Id.* In balancing convenience, the Court must consider factors such as

2

"the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Relevant factors to consider include the following: the practical problem of trying the case most expeditiously and inexpensively; the interests of justice; the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the enforceability of the judgment; and the local interest in deciding local controversies at home. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *Slate Rock Constr., Co. v. Admiral Ins. Co.*, No. 2:10-cv-1031, 2011 WL 3841691, at *6 (S.D. Ohio Aug. 30, 2011) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995)).

The moving party bears the burden to establish a need for transfer. *Kay*, 494 F. Supp. 2d at 849–50 (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)). Transfer pursuant to § 1404 must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964); *see also Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008) ("[Section] 1404 does not allow . . . for transfer if that transfer would only shift the inconvenience from one party to another.").

Even where venue is proper, a district court may exercise its broad discretion to transfer a civil action to a more convenient forum pursuant to § 1404(a). *See Reese*, 574 F.3d at 320 (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). "Ultimately . . . the decision whether to transfer venue under § 1404(a) is committed to the sound discretion of the trial court." *Levy v. Cain, Watters & Assocs., P.L.L.C.*, No. 2:09-cv-723, 2010 WL 271300, at *9

(S.D. Ohio Jan. 15, 2010); *Reese*, 574 F.3d at 320 ("[a]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate."). Section 1404(a) promotes "an individualized case by case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation omitted).

### III.

Defendants seek transfer of venue because the "District of Maryland is where the case could have and should have been brought." (ECF No. 11 at PAGEID # 105.) In support of their Motion, Defendants assert that this "action arises out of Plaintiff's allegations that she was a victim of sex trafficking at various hotels located within the state of Maryland." (*Id.* at PAGEID ## 106–07) ("Nothing ties this matter to Ohio."). Further, Defendants point to private and public interest factors that they contend weigh in favor of transfer. (*Id.* at PAGEID ## 107–08.) First, Defendants note, "[p]rovided all the events giving rise to Plaintiff's claims occurred over 400 miles from Columbus, Ohio makes it virtually certain this Court will not be able to compel non-party witnesses to testify at trial." (*Id.* at PAGEID # 107.) Second, because "Plaintiff is a resident of Maryland," Defendants contend that she "will certainly not be inconvenienced by transferring this case to the District of Maryland," and assert that Plaintiff's choice of forum should be given "significantly less weight" due to this forum having "no connection with this controversy whatsoever." (*Id.* at PAGEID # 108) (internal citations omitted).

Plaintiff sets forth several reasons why the Defendants' Motion should be denied, including that a "large part of the conduct that plaintiff complains of occurred at the corporate level in Defendants' offices in Ohio" and "this district is convenient for key RRF corporate witnesses." (ECF No. 13 at PAGEID # 114.) In response to Defendants' notion that no

connection exists between the case and this forum, Plaintiff contends that the Defendants "continue to ignore and deflect from their own negligent misconduct." (*Id.* at PAGEID # 119.) Plaintiff maintains that Defendants "knew or should have known of the rampant culture of sex trafficking occurring on its properties," and this knowledge, including "knowledge of any policies, procedures, and training will stem from the Defendants' corporate headquarters in Ohio." (*Id.* at PAGEID # 120.)

Additionally, Plaintiff notes that "[t]he Court, understanding the issues in these [sex trafficking] cases and the need for consolidation, requested that the parties discuss the need for a special master." (*Id.* at PAGEID # 123) (citing *M.A. v. Wyndham Hotels & Resorts, Inc., et al.*, No. 2:19-cv-0849, ECF No. 409, Hr'g Tr. At 28:24-29:25; 30:11-21; 33:12-34:10). Further, in the interest of justice, Plaintiff points out that litigating this case in the Southern District of Ohio "promotes judicial economy and efficiency" because "this Court has acquired expertise over such cases." (ECF No. 13 at PAGEID # 123) ("Being the first Court to decide the issue of a standalone TVPRA claim against the hotel companies that facilitate and profit off sex trafficking, this Court has acquired expertise over such cases.").

In their Reply, Defendants assert that "[a]nything which might have taken place in Ohio at the headquarters for the Defendants would be merely incidental in the grand scheme of litigating this matter and does not lay a proper foundation for venue." (ECF No. 14 at PAGEID # 128.) Also, Defendants note that the "vast distance between this Court and the location of the alleged conduct is certainly not negligible, and will be inconvenient for non-party witnesses." (*Id.* at PAGEID # 127) ("the distance will hamper RRI's ability to subpoena fact witnesses"). In reply to Plaintiff's assertion that litigating the case in the Southern District of Ohio promotes the interests of justice, Defendants contend that the "convenience to witnesses, access to proof, and

the venue's interest in the outcome, favor transfer to the District of Maryland." (*Id.* at PAGEID # 129.)

Defendants also cite to another case in which this Court granted the defendants' request to transfer, asserting that "[l]ike *C.T.*, litigating in Ohio would cause unnecessary inconvenience and expense." (*Id.* at PAGEID ## 108–09) (citing *C.T. v. Red Roof Inns, Inc.*, No. 2:19-cv-5384, 2021 WL 602578, at *23 (S.D. Ohio Feb. 16, 2021)). In response, Plaintiff contends that "[*C.T.*] was a case which involved a question of jurisdiction, not venue," and "the facts in *C.T.* differ substantially from the case at hand." (ECF No. 13 at PAGEID # 120) ("Here, unlike in [*C.T.*], the corporate decisions on Human trafficking occurred in Ohio."). The Court agrees.

In *C.T.*, the defendants moved to dismiss the action because the court lacked personal jurisdiction over two of the three hotel defendants. *C.T.*, 2021 WL 602578, at *5. The court found that venue was improper because it lacked personal jurisdiction but declined to dismiss the action. *Id.* at *19–*20. In the event the court did not dismiss the case, the defendants requested that the court transfer venue to the Middle District of Florida. *Id.* at *20. Exercising its discretion to transfer the case to Florida, the court reasoned that "[b]ecause venue is clearly proper in the Middle District of Florida, the Court decides to transfer the case, rather than dismiss several Defendants for lack of personal jurisdiction." *Id.* at *23 (noting that the "Sixth Circuit has held, "[t]he decision of whether to dismiss or transfer is within the district court's sound discretion" (internal citation omitted)).

This Court has previously denied transfer in similar cases where venue was proper and personal jurisdiction was not an issue. *See S.W. v. Lorain-Elyria Motel, Inc.*, No. 2:19-cv-1194, 2020 WL 1244192 (S.D. Ohio Mar. 16, 2020); *A.C. v. Red Roof Inns, Inc.*, No. 2:19-cv-4965, 2020 WL 3256261 (S.D. Ohio June 16, 2020). In both *S.W.* and *A.C.*, the plaintiffs alleged they

6

were trafficked in the defendants' hotels and sought to hold the defendants accountable under TVPRA, asserting similar facts to the present case. *S.W.*, 2020 WL 1244192, at *1–*3 ("Plaintiff alleges that these hotel Defendants knew that sex trafficking occurred frequently on their properties and failed to prevent it, and also that they knew or should have known of [S.W.'s] trafficking."); *A.C.*, 2020 WL 3256261, at *2–*3 ("[A.C.] alleges that these hotels and their parent companies did not take adequate measures to prevent human trafficking and 'demonstrated willful blindness to the rampant culture of sex trafficking' which facilitated the sex trafficking of A.C."). In balancing public and private interests, the Court declined to exercise discretion to transfer the cases because the defendants in each case alleged only a "generalized inconvenience—that the alleged trafficking took place at hotel locations in [another District], and therefore, relevant documents and witnesses will be located there—and not 'a specific hardship.'" *S.W.*, 2020 WL 1244192, at *11–*12 (internal citations omitted); *A.C.*, 2020 WL 3256261, at *8–*9.

Balancing the public and private interest factors in the present case, Defendants point to generalized inconveniences, like those made in *S.W.* and *A.C.*, rather than assert interests that weigh in favor of transfer. Defendants do not assert specific hardships that "clearly favor a change of venue." *See S.W.*, 2020 WL 1244192, at *1–*3 (quoting *MJR Int'l, Inc. v. Am. Arbitration Ass'n*, No. 2:06-cv-0937, 2007 WL 2781669, at *3 (S.D. Ohio Sept. 24, 2007)) ("[A] generalized assertion by a defendant that witnesses reside in, and documents are located in, the proposed transferee district, is generally insufficient to support a change of venue.").

Regarding the private interest factors, Defendants allege that any events that occurred in Ohio would be "merely incidental in the grand scheme of litigating" this case, but the Court disagrees. What occurred at the Defendants' headquarters in New Albany, Ohio, goes to the

7

heart of Plaintiff's Complaint, pointing to Defendants' corporate knowledge and lack of proper training to hamper and detect trafficking on their properties. Plaintiff does not allege that the actual hotel employees were responsible for her trafficking, rather, the employees did not address the clear signs of Plaintiff's trafficking due to improper training and insufficient policies on the corporate level. While Plaintiff's alleged trafficking arose in Maryland and Virginia, the claim at issue arises in Ohio, based on Plaintiff's assertion that Defendants have corporate knowledge of the training and policies related to trafficking.

Defendants contend that this District is inconvenient because documents like police reports are in Maryland. (ECF No. 11 at PAGEID # 107.) The Court agrees with Plaintiff that these documents would not be difficult to obtain. (ECF No. 13 at PAGEID # 119.) The documents and information related to Defendants' alleged corporate knowledge are in Ohio, meaning transferring this case to Maryland would merely shift the inconvenience. Defendants also speculate that "[i]t is unlikely that key witnesses, such as Plaintiff's alleged traffickers, would voluntarily appear live at trial in Ohio." (ECF No. 14 at PAGEID # 127.) The Court is not persuaded. Defendants assert that this District would be "inconvenient for non-party witnesses," but given that the events occurred between 2009-2012, over a decade ago, it is not guaranteed non-party witnesses could be located at all or that Maryland would be a more convenient venue for those potential witnesses. Further, if located and subpoenaed, it is unlikely alleged sex traffickers would appear live at trial, even in Maryland. Accordingly, the private interest factors weigh against transfer.

Turning to the public interest factors, the Southern District of Ohio has a local interest in deciding this local controversy at home. The events alleged in Plaintiff's Complaint occurred at Defendants' corporate headquarters in New Albany, Ohio, which is in this District.

Additionally, under the interest of justice factors, trying this case in the Southern District of Ohio would promote judicial economy, and systemic integrity and fairness.  As Plaintiff points out, several pending cases in the Southern District of Ohio are related to this matter, which the presiding judicial officers have managed for years.  (ECF No. 13 at PAGEID ## 121–23.)  Thus, the public interest factors also weigh against transfer.

The Court concludes that the balance of interests weighs against transfer.  The Court, therefore, declines to exercise its discretion to transfer this action.  *See S.W.*, 2020 WL 1244192, at *12; *A.C.*, 2020 WL 3256261, at *9.  Accordingly, this Court **DENIES** Defendants' Motion to Transfer Venue.

### IV.

For the foregoing reasons, Defendants' Motion to Transfer Venue to the District of Maryland (ECF No. 11) is hereby **DENIED**.

**IT IS SO ORDERED.**


**Date: September 7, 2022**          /s/ *Elizabeth A. Preston Deavers*
                                     **ELIZABETH A. PRESTON DEAVERS**
                                     **UNITED STATES MAGISTRATE JUDGE**