IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| L.G., | : | Case Nos. 2:22-cv-1924; 2:22-cv-3256; |
| | : | 2:22-cv-3797; 2:22-cv-3768; 2:22-cv-3767; |
| Plaintiff, | : | 2:22-cv-3772; 2:22-cv-3799; 2:22-cv-3786; |
| | : | 2:22-cv-3788; 2:22-cv-2682; 2:22-cv-3416; |
| v. | : | 2:22-cv-3778; 2:22-cv-3776; 2:22-cv-3787; |
| | : | 2:22-cv- 3769; 2:22-cv-3773; 2:22-cv-1924; |
| RED ROOF INNS, INC., *et al.* | : | 2:22-cv-3258; 2:22-cv-3771; 2:22-cv-3770; |
| | : | 2:22-cv-3774; 2:22-cv-3782; 2:22-cv-3784; |
| Defendants. | : | 2:22-cv-2734 |
| | : | |
| | : | **Judge Algenon L. Marbley** |
| | : | |
| | : | **Magistrate Judge: Elizabeth P. Deavers** |

**<u>DEFENDANTS RED ROOF INNS, INC. AND RED ROOF FRANCHISING, LLC'S
REPLY BRIEF ON VENUE</u>**

Pursuant to the Court's Order dated February 1, 2023, Red Roof Inns, Inc. ("***Red Roof***") and Red Roof Franchising, LLC ("***Red Roof Franchising***") (collectively, the "***RRI Defendants***") submit the following reply brief concerning the appropriate venues for certain cases identified by the Court and in response to Plaintiffs' Response to Show Cause Order filed on March 1, 2023 ("***Plaintiffs' Response***") (ECF Doc #: 28). The following Reply Brief will be contemporaneously filed in each of the above-referenced cases in which Red Roof and/or Red Roof Franchising were named defendants.

**I.    INTRODUCTION**

Multiple attempts have been made to transform the Southern District of Ohio into a centralized litigation hub despite the fact that the vast majority of the cases captioned above allege trafficking that occurred exclusively *outside* of Ohio. The Judicial Panel on Multidistrict Litigation "MDL Panel" already denied a motion to "centralize" the trafficking cases—finding key

factual differences existed in the various trafficking cases pending across the country, and that centralization would not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. *See In re: Hotel Indus. Sex Trafficking Litig.*, 433 F.Supp.3d 1353, 1356 (2020). Additionally, this Court transferred *C.T. v. Red Roof Inns, Inc., et al.*, Case No. 2:19-CV-05384 to the Middle District of Florida setting a clear precedent: cases alleging trafficking that occurred exclusively *outside* of Ohio should be transferred, pursuant to 28 U.S.C. § 1404(a), to the venue where the alleged trafficking occurred.

Following this Court's denial of an interlocutory appeal in *C.T.*, Plaintiff's counsel has attempted to make this Court a *de facto* centralized hub for all hospitality trafficking cases—not by formally requesting centralization—but by filing dozens of lawsuits in this Court, regardless of where the alleged trafficking occurred. Plaintiff's counsel has recently filed 30-plus cases in this Court, only five of which allege trafficking in Ohio, and only two (*G.P v. Red Roof Inns, Inc. et al*, Case No. 2:22-CV-02382 and *D.T. v. Red Roof Inns, Inc. et. al*, Case No. 2:22-CV-03844) that allege trafficking in this District. Plaintiff's counsel chose this Court not based upon the geographic location of his clients, the alleged trafficking, or nonparty fact witnesses. The surge of cases filed in this Court is undeniably based upon Plaintiff's counsel's proximity to and familiarity with this Court—not the interest of justice or convenience to witnesses.

Plaintiffs' forum shopping does not negate that various transfers are warranted under 28 U.S.C. § 1404(a). RRI Defendants' domicile in this District does not render this District a suitable venue to litigate case-specific and fact-specific lawsuits involving alleged trafficking that took place in a variety of cities spanning the four corners of the continental United States, including Jacksonville, San Diego, Portland, Seattle, Tucson, Ann Arbor, Memphis, Chattanooga, New York City, Houston, Phoenix, and many others.

This Court should follow the precedent it set forth in *C.T.* and, pursuant to 28 U.S.C. 1404(a), transfer the cases pending before this Court to the districts where the alleged trafficking occurred, thereby rejecting Plaintiffs' Counsel's attempt to create a *de facto* MDL centralization in this Court.

II. **LAW & ARGUMENT**

A. **The Magistrate's September 22, 2022 Opinion was Properly Vacated.**

On February 16, 2021, this Court in *C.T. v. Red Roof Inns, Inc., et al.*, Case No. 2:19-CV-05384 ("***C.T.***") correctly granted RRI Defendants' Motion to Transfer Venue to the Middle District of Florida. (*C.T.*, ECF Doc #: 127). This Court acknowledged, "[t]he only allegations supporting venue in the Southern District of Ohio pertain to Defendant Red Roof, which Plaintiff alleged has its principal place of business in Ohio and conducts its corporate operations." (*C.T.*, ECF Doc #: 127, PageID #: 1123-24). Correctly balancing the factors relevant to 28 U.S.C. § 1404(a), this Court ruled:

> …[T]here is a strong interest in litigating this case <u>where the events occurred</u>, including access to evidence and witnesses located in Florida. Because Plaintiff has not alleged any events occurred in this District, the Court agrees with Defendants that it would cause unnecessary inconvenience and expense to litigation this case in Ohio.

(*C.T.*, ECF Doc #: 127, PageID #: 1124, <u>citing</u> *MJR Int'l, Inc. v. Am. Arbitration Ass'n*, No. 2:06 CV-0937, 2007 WL 2781669, at *2 (S.D. Ohio Sept. 24, 2007)) (emphasis added).

Plaintiffs' Response downplays the transfer of *C.T.* arguing that *C.T.* involved a situation "…where the Court did not have personal jurisdiction." (ECF Doc #: 28, PageID #: 305). This is not the case. Red Roof's Motion to Dismiss in *C.T.* sought dismissal under Civ. R. 12(b)(6) for failure to state a claim and, in the alternative, sought transfer of venue pursuant to 28 U.S.C. § 1404(a). (*C.T.*, ECF Doc #: 80, PageID #787-88). Red Roof never argued, and this Court never

ruled, that this Court lacked personal jurisdiction over Red Roof. This Court's transfer of the claims against Red Roof in *C.T.* was *not* based upon a lack of personal jurisdiction over Red Roof, but instead was based upon balancing 28 U.S.C. § 1404(a) factors, including access to evidence, convenience, and expense.

On April 9, 2022, the Complaint in *L.G. v. RRI Defendants*, Case No. 2:22-CV-01924 was filed ("***L.G.***"). On July 6, 2022, RRI Defendants moved to transfer *L.G.* to the District of Maryland pursuant to 28 U.S.C. § 1404(a) (*L.G.*, ECF Doc #: 11). RRI Defendants made the same arguments that this Court adopted when transferring *C.T.* to the Florida: a strong interest exists in litigating the case where the events occurred, including access to evidence and witnesses located in Maryland and Virginia.

On September 7, 2022, Magistrate Judge Elizabeth Deavers denied RRI Defendants' Motion to Transfer (the "***Magistrate's Decision***") (*L.G.*, ECF Doc #: 15). The Magistrate's Decision incorrectly stated that this Court in *C.T.* found venue improper "because it lacked personal jurisdiction..." (*L.G.*, ECF Doc #: 15, PageID #: 136). As previously explained, this Court in *C.T.* granted Red Roof's Motion to Transfer Venue based upon 28 U.S.C. § 1404(a), not a lack of personal jurisdiction over Red Roof. The Magistrate's Decision referenced this Court's denial of a motion to transfer filed by Lorain-Elyria Motel, Inc. in *S.W. v. Lorain-Elyria Motel, Inc., et al.*, Case No. 2:19-CV-1194 ("***S.W.***") (*S.W.*, ECF Doc #: 77). Notably, *S.W.* involved alleged trafficking that occurred *in Ohio*. And Red Roof was not a party in *S.W.* The Magistrate also relied upon this Court's denial of a motion to transfer filed by Wyndham Hotels and Resorts, LLC in *A.C. v. Red Roof Inns Inc., et al.*, Case No. ("***A.C.***") (*A.C.*, ECF Doc #: 70). *A.C.* also involved alleged trafficking that occurred *in Ohio*, and Wyndham sought transfer only to the Southern District of Ohio – Western Division.

RRI Defendants timely objected to the Magistrate's Order (*L.G.*, ECF Doc #: 16), which required this Court to either modify or set aside all or part of the Magistrate's Order. *See* Civ. R. 72(a). Particularly, in light of this Court's December 22, 2022 decision in *C.T.*, wherein it held its "analysis o[n the] appropriate venue [in C.T.] ha[d] not changed." *C.T. v. Red Roof Inns, Inc.*, S.D.Ohio No. 2:21-cv-05022, 2022 U.S. Dist. LEXIS 233795, *25 (Dec. 30, 2022). Thus, this Court very recently reexamined its venue analysis and confirmed its holding, again stating "there was a strong interest in litigating [TVPRA] case[s] where the trafficking events occurred, including access to evidence and witnesses located [out-of-state]. As a result, this Court concluded that it would cause unnecessary inconvenience and expense to both parties to litigate this case in Ohio." *Id.* This Court then transferred the *C.T.* matter to the Middle District of Florida where the actual allegations of trafficking occurred. *Id.*

On January 20, 2023, this Court correctly withdrew the Magistrate's Order.

Plaintiffs' Response argues that the Magistrate's Decision was correct and should be reinstated. Thus, Plaintiffs request this Court reconsider its venue analysis in *C.T.*, a holding this Court held "had not changed" three months ago. This Court should decline Plaintiffs' invitation and follow its well-reasoned holding set forth and recently restated in *C.T.*: a case involving alleged trafficking that all occurred outside of this District should be transferred to the district where the alleged trafficking occurred and to a court with subpoena power over likely nonparty fact witnesses.

### B. Plaintiffs' Forum Shopping Enjoys Little Deference.

Plaintiffs' Response argues that "many Plaintiffs don't want these cases heard in Districts where they were trafficked…" (ECF Doc #: 28, PageID #: 307). Indeed, Plaintiffs equate appearing before a federal judge in a federal court to returning to the place they were allegedly

trafficked. (ECF Doc #28, PageID #: 307). Plaintiffs argue, "it is in no sense 'convenient' to return to the place" they were allegedly trafficked for trial. (ECF Doc #: 28, PageID #: 307).

Transferring venue under 28 U.S.C. 1404(a) would not require any plaintiff to return to an alleged "scene of crime." It should go without saying that none of the Plaintiffs were allegedly victimized at or near a federal district court. Several of the transferee districts are the only district court in their state (*i.e.* Arizona, Maryland, Massachusetts, Minnesota, and Oregon). Indeed, Plaintiffs are arguing that returning to a federal court (even those representing an entire state) would result in Plaintiffs reliving trauma. This is a stretch, to say the least. Rather, if anything would require a plaintiff to relive an alleged trauma it will be testifying about past events at deposition and/or at trial—which will occur regardless of venue. Plaintiffs did not, and cannot, cite to a single case in which a federal court deemed it "inconvenient" to litigate a case in the district where alleged criminal acts occurred. Plaintiffs fail to cite a single case in which a plaintiff's choice in forum is afforded additional deference because the plaintiff was an alleged victim of a crime.

While it is true that a plaintiff's choice of forum is given deference, the amount of deference given depends upon whether the venue is the plaintiff's home forum:

> When a domestic plaintiff initiates a suit in his home forum, that choice is normally entitled great deference because it is presumptively convenient for the plaintiff. **In contrast, a foreign plaintiff's forum choice is usually accorded less deference because the assumption of convenience is "much less reasonable."**

*Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 493 (6th Cir. 2016) (citations omitted) (emphasis added). Plaintiff's counsel appears to be the only common denominator between Plaintiffs and this District. The "assumption of convenience" does not exist because the majority of Plaintiffs are foreign to this District, and Plaintiffs' alleged "choice of forum" should be afforded

little deference.  *See id.*  The Southern District of Ohio has held, "the convenience of the witnesses, *particularly non-party witnesses* important to the resolution of the case, is often . . . the *most* significant factor in ruling on a motion to transfer . . . ." *Sabol v. Ford Motor Co.*, No. 2:14-cv-543, 2014 U.S. Dist. LEXIS 162282 (S.D. Ohio Nov. 19, 2014) (emphasis added).  Here, the convenience of witnesses weighs heavily in favor of transfer.

Transferring cases to the convenient venue is not "breaking up the case."  The only reason this Court presides over more than 30 trafficking cases is because Plaintiff's counsel decided to file them in his "home" District, even after this Court's rulings in *C.T.* and the MDL Panel's rejection of a motion to centralize litigation.  To the extent that Plaintiffs' alleged "choice of forum" is even considered, it is offset and completely displaced by the reasons held by this Court in *C.T.* and Red Roof's preference to transfer these matters to the districts where the critical events underlying the complaints are alleged to have occurred.

Tellingly, Plaintiffs rely upon a non-binding "*Memorandum on Methods of Consolidation*" authored in *Kurtz v. Kimberly-Clark Corp*. No. 14-CV-1142, 2016 U.S. Dist. LEXIS 160363, at * 7 (E.D.N.Y. Nov. 18, 2016), which has no application here.  In *Kurtz*, Judge Jack Weinstein volunteered his "present view" on methods to globally resolve a series of cases involving a "national consumer problem" related to flushable wipes.  In this particular national consumer product case, which involved municipalities and regulatory agencies, Judge Weinstein's goal was to "to achieve a single decision by a single court or administrative agency—preferably by global settlement—that fairly decides all pending disputes, forestalls future similar disputes, and protects both consumers and suppliers." *Id*., at *7.

These cases do not present a "national consumer issue" that warrants a "single decision by a single court or administrative agency"—as Judge Weinstein desired in *Kurtz*.  There can be no

"single decision by a single court" that resolves all the pending cases—each of which involve different alleged perpetrators, different defendants, different cities, and different plaintiffs.

Properly applying 28 U.S.C. 1404(a) to dozens of cases filed in this Court—in which none of the alleged trafficking occurred in Ohio—is not "breaking up the case" as Plaintiffs suggest. The opposite is true: transferring cases to the appropriate venue is the most judicially efficient approach. Each fact-specific lawsuit can be resolved by the district where the evidence and witnesses relevant to that lawsuit are likely centralized. This Court simply lacks the subpoena power over the witnesses that will be relevant to the cases currently before this Court—a problem Plaintiffs' Response does not even attempt to address.

### C. This District is Not "Convenient" to Nonparty Witnesses.

Plaintiffs argue that before a 28 U.S.C. § 1404(a) transfer can occur, Defendants must "identify those witnesses *by name*, state the substance of their testimony, and explain why these witnesses are critical to the case." (ECF Doc #: 28, PageID #: 315), citing *Pilates, Inc. v. Pilates Inst.*, 891 F. Supp. 175, 183, 1995 U.S. Dist. LEXIS 9680, *21 (S.D. N.Y. July 10, 1995) (holding "…the convenience of witnesses as ***the single most important factor*** in the balance"). As an initial matter, *Pilates* did *not* hold that witnesses must be identified "by name." *Pilates* held, "[t]o meet its burden of demonstrating that transfer is in the convenience of the witnesses, the party seeking transfer must 'specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony…" *Id.* at *21-22. Plaintiffs fail to cite a single case, in this District or any other district, in which the witnesses must be identified "by name."

RRI Defendants do not even know *Plaintiffs'* names. To argue that the names of all likely nonparty witnesses must be known "by name" before this Court can entertain transfer under 28

U.S.C. § 1404(a) is clearly incorrect and unworkable. Plaintiffs' Response presents inconsistent arguments on this issue. On one hand, Plaintiffs argue that RRI Defendants "waived" transfer under 28 U.S.C. § 1404(a) because RRI Defendants have not yet filed a motion to transfer in every case. On the other hand, Plaintiffs argue that transfer is premature because not all witnesses are known "by name."

RRI Defendants have listed the evidence and witnesses that will likely be required in each of the cases, including:

- former hotel employees;

- customers;

- investigating police.

- individuals that witnessed Plaintiff'' trafficking, including those that may also have participated;

- Plaintiffs' family members;

- Plaintiffs' treating physicians; and

- the sex traffickers themselves who likely reside or are imprisoned in another venue.

These are nonparty witnesses over whom RRI Defendants has no authority or control. RRI Defendants cannot simply "fly out" all nonparty witnesses to Columbus, Ohio to appear for trial or other proceedings. Plaintiffs have failed to explain how this Court would be able to compel the deposition or trial attendance of any nonparty witness—the most of whom likely reside hundreds of miles away from this District.

### D. Other Districts are Fully Capable of Managing Litigation and Making Decisions.

Plaintiffs' Response implies that this Court, and this Court alone, is capable of handling the factual and legal issues involved in the TVPRA cases currently pending before this Court. 18

U.S.C. § 1595 was enacted in 2003. In 2008, 18 U.S.C. § 1595(a) was expanded to create a civil cause of action against "the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engage in an act in violation of this chapter in an appropriate district court of the United States…" 18 U.S.C. § 1595(a) has remained unchanged for the last 15 years. A legal search reveals that, in the last 15 years, more than 200 federal courts (from all 12 Circuits) have published decisions specifically citing 18 U.S.C. § 1595(a) and "TVPRA." This Court certainly has experience handling TVPRA cases—driven largely by Attorney Babin filing suit in his preferred "home" district. Nothing suggests that transferee districts would be unable or ill-equipped to handle TVPRA cases and make correct legal determinations consistent with the body of case law applicable to TVPRA and 18 U.S.C. § 1595(a).

### E. Each Case is Fact-Specific and No "Uniform Legal Analysis" Will Apply to All Cases.

Plaintiffs argue that transferring cases will deprive Plaintiffs the ability to obtain uniform discovery and legal determinations—which Plaintiffs argue would apply across all lawsuits. Plaintiffs' argument that transferring cases to a convenient venue will deprive Plaintiffs of uniform application of 18 U.S.C. § 1595(a) is completely imagined. Plaintiffs have not identified a single "district split" or issue in which one particular Circuit or District applies different standards or operates under a different interpretation of TVPRA or 18 U.S.C. 1595(a). Plaintiffs' Response ignores that each suit requires case-specific factual discovery—discovery that, in most instances, will impact one case and one case alone.

Each alleged case of trafficking involves different facts, different alleged perpetrators, different locations, different timeframes, and varying degrees of scope. The elements Plaintiffs are required to prove for each individual case will depend upon the facts elicited for each individual

alleged trafficking "venture."  For example, a defendant cannot be liable under 18 U.S.C. § 1595(a) unless it "knew or should have known" that the venture was engage in sex trafficking.  *A.W. v. Red Roof Inns., Inc*. 2022 U.S. Dist. LEXIS 227437, *17 (S.D. Ohio Dec. 16, 2022).  This is not a novel legal interpretation, but simply tracks the language of 18 U.S.C. § 1595(a).  For each case, the respective plaintiff will need to prove, among other elements, that RRI Defendants "knew or should have known" that a "venture" was engaged in "trafficking."   Proof of this element will be fact-dependent and case-specific.

This Court in *A.W.* referenced the allegation that the "hotel Defendants' failure to act 'incentivized their employees to ignore the *obvious signs* of human trafficking, and even rent rooms to known or *suspected* human traffickers...'"  *A.W. v. Red Roof Inns., Inc*. 2022 U.S. Dist. LEXIS 227437, *20-21 (S.D. Ohio Dec. 16, 2022) (emphasis added).  Whether "obvious signs" existed or whether RRI Defendants "suspected" human trafficking will necessitate discovery of case-specific facts, including testimony from case-specific non-party witnesses.

Therefore, Plaintiffs' *de facto* centralization in this Court runs afoul to 28 U.S.C. § 1404(a).

### F. This Court May Transfer Venue With or without a Motion, and RRI Defendants Did Not Waive Venue Transfer.

Plaintiffs argue this Court erred by issuing a show cause order related to venue because this Court can transfer venue under 28 U.S.C. § 1404(a) only upon motion.

Plaintiffs are wrong.

This Court may transfer venue under 28 U.S.C. § 1404(a) *sua sponte*.  "A district court may transfer a case *sua sponte* pursuant to 28 U.S.C. § 1404(a) to any forum in which the plaintiff had the initial right to bring suit 'independently of the wishes of defendant.'"  *Krawec v. Allegany Co-op Ins. Co*., Case No. 1:08-CV2124, 2009 U.S. Dist. LEXIS 57792, *12-14 (N.D. Ohio. July 7, 2009), citing *Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S. Ct. 1084, 4 L. Ed. 2d 1254

(1960); *Carver v. Knox County*, 887 F.2d 1287, 1291 (6th Cir. 1989). A court considering *sua sponte* transfer of venue should inform the parties of its considerations and should give them an opportunity to be heard on the matter. *Id*.

This Court properly gave the parties an opportunity to be heard on the issue of venue, to which Plaintiffs submitted a 32-page Brief. Nothing was improper about this Court's show cause order, which should not be "vacated."

Plaintiffs further argue that RRI Defendants "waived" the right to seek transfer under 28 U.S.C. § 1404(a) because RRI Defendants did not yet file a motion to transfer in each and every case. (ECF Doc #: 28, PageID #: 304). Notably, and as previously mentioned, Plaintiffs argue that transfer under 28 U.S.C. § 1404(a) is premature because RRI Defendants cannot identify "by name" all potential non-party witnesses. Plaintiffs cannot have it both ways. Plaintiffs cannot argue that RRI Defendants "waived the right" to transfer venue while, at the same time, argue that a transfer is premature and/or unwarranted because all nonparty witnesses are not yet known "by name."

Regardless, RRI Defendants did not "waive" its ability to request a § 1404(a) transfer. *E.g., McFarlin v. Alcoa S.S. Co.*, 210 F. Supp. 793, 795-796, 1962 U.S. Dist. LEXIS 4646, *6 (***a year delay*** in seeking venue transfer under § 1404(a) did not constitute a legal waiver or estoppel). Additionally, a motion to transfer under 28 U.S.C. § 1404(a) is not made under Fed. R. Civ. P. 12(b) and that the waiver provision of Rule 12(h) is inapplicable to such a motion. *James v. Norfolk & W. Ry. Co.,* 430 F. Supp. 1317, 1319, n. 1 (S.D. Ohio 1976) (§ 1404(a) motion is not a motion under Rule 12(b)(3)).[1]

---

[1] To the extent this Court deems necessary, RRI Defendants request that this Court consider this Brief as well as RRI Defendants' initial Brief regarding venue as a formal request for transfer of venue in each of the above captioned matters 28 U.S.C. § 1404(a).

**III. CONCLUSION**

For the foregoing reasons, the RRI Defendants respectfully request this Court to transfer venue pursuant to Exhibit A attached to RRI Defendants' initial Brief.

Respectfully submitted,

*/s/ Katherine L. Kennedy*
Katherine L. Kennedy (0079566)
LEWIS, BRISBOIS, BISGAARD & SMITH
250 East Fifth Street, Suite 2000
Cincinnati, OH 45202
P: (513) 808-9911 | F: (513) 808-9912
kate.kennedy@lewisbrisbois.com

*/s/ Brad J. Barmen*

*Attorneys for Defendants, Red Roof Inns, Inc. and Red Roof Franchising, LLC*


*/s/ Jonathon L. Beck*
Jonathon L. Beck (0076709)
Natalie M.E. Wais (0084289)
Anthony V. Graber (0095691)
YOUNG & ALEXANDER CO., L.P.A.
130 W. Second Street, Suite 1500
Dayton, Ohio 45402
(937) 224-9291 (Telephone)
(937) 224-9679 (Facsimile)
Jbeck@yandalaw.com
Nwais@yandalaw.com
Tgraber@yandalaw.com

David A. Goldstein (0064461)
David A. Goldstein Co., L.P.A.
511 South High Street, Suite 200
Columbus, OH 43215
(614) 222-1889 (Telephone)
(614) 222-1899 (Facsimile)
dgoldstein@dgoldsteinlaw.com

*Attorneys for Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC in Case No. 2:22-cv-03766, only*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 10, 2023 a true copy of the foregoing was electronically filed through the Court's ECF system and thereby served on all counsel presently of record.

                                      */s/ Katherine L. Kennedy*
                                      Katherine L. Kennedy (0079566)