IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| L.G., etc., | ) | CIVIL ACTION 2:22-cv-01924 |
| Plaintiff, | ) ) ) | CHIEF JUDGE ALGENON L. MARBLEY |
| vs. | ) ) ) | MAGISTRATE JUDGE ELIZABETH P. DEAVERS |
| RED ROOF INNS, INC., et al., | ) ) | |
| Defendants. | ) | |

# DEFENDANT RED ROOF INNS, INC.'S AND RED ROOF FRANCHISING, LLC'S RESPONSE AND MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE OF LIBERTY MUTUAL INSURANCE COMPANY

Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC, by and through their counsel, respectfully request that this Honorable Court enter an Order denying the Motion to Intervene filed by Liberty Mutual Insurance Company (hereinafter referred to as "Liberty")(ECF # 41). Liberty's Motion should be denied for the reasons set forth in the attached Memorandum of Law.

Respectfully submitted,

/s/ *William H. Falin*
WILLIAM H. FALIN, ESQ. (0038839)
**Buckingham, Doolittle & Burroughs, LLC**
1375 East 9th Street, Suite 1700
Cleveland, Ohio 44114
Phone: (216) 621-5300
Fax: (216) 621-5440
wfalin@bdblaw.com
One of the Attorneys for Defendants
Red Roof Inns, Inc. and
Red Roof Franchising, LLC

# DEFENDANT RED ROOF INNS, INC.'S AND RED ROOF FRANCHISING, LLC'S MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE OF LIBERTY MUTUAL INSURANCE COMPANY

Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC (collectively "Defendants" or "Red Roof"), by and through their counsel, respectfully submit this Response and Memorandum of Law in opposition to the Motion to Intervene filed by Liberty Mutual Insurance Company (hereinafter referred to as "Liberty")(ECF # 41). In support of their opposition to Liberty's Motion, Red Roof provides the following law and argument.

## I. LIBERTY'S MOTION AND WHY IT SHOULD BE DENIED

Liberty is not a party to this action. It seeks to intervene in order to pursue a declaratory judgment regarding its obligations to defend and/or indemnify Red Roof for the claims that E.C. has asserted against Red Roof in this case. (ECF # 41, PageID ## 491, 493).

Liberty argues that it should be permitted to intervene as a matter of right pursuant to Fed. Civ. R. 24(A) because: (1) its Motion is timely; (2) as Red Roof's insurer, it has a "direct pecuniary interest" and, therefore, a "substantial legal interest" in the outcome of this case; (3) if Liberty does not move to intervene, its ability to protect that interest could be impaired by being collaterally estopped from litigating in a future proceeding whether the alleged conduct at issue in this case falls within its insurance coverage obligations; and (4) the current parties to this case do not adequately represent the substantial legal interest Liberty claims to have in this case. (ECF # 41, PageID ## 494-95).

Liberty alternatively argues that it should be allowed to permissibly intervene pursuant to Fed. Civ. R. 24(b) because its Motion is timely, alleges at least one common issue of law or fact with this case, and intervention will not result in prejudice or undue delay to any of the existing parties. " (ECF # 41, PageID ## 495-96).

This Court has already denied at least seven nearly identical motions to intervene filed by insurers of hotel defendants who, as here, were sued for alleged violations of the TVPRA. *T.E. v. Wyndham Hotels & Resorts, Inc.,* No. 2:22-CV-3185, 2023 WL 5531441, at *14 (S.D. Ohio Aug. 28, 2023); *A.W. v. Red Roof Inns, Inc.,* No. 2:21-CV-4934, 2023 WL 50291741, at *4 (S.D. Ohio Aug. 8, 2023); *G.P. v. Wyndham Hotels & Resorts, Inc.*, No. 2:22-CV-2682, 2023 WL 5018562, at *1 (S.D. Ohio Aug. 7, 2023); <u>*K.C. v. Choice Hotels Int'l, Inc.*</u>, No. 22-CV-2683, 2023 WL 2265214, at *1 (S.D. Ohio Feb. 28, 2023); *A.W. v. Red Roof Inns, Inc.*, No. 2:21-CV-4934, 2022 WL 17585249, at *4 (S.D. Ohio Dec. 12, 2022); *A.W. v. Red Roof Inns, Inc.*, No. 2:21-CV-4934, 2022 WL 17585903, at *4 (S.D. Ohio Dec. 12, 2022); *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-CV-849, 2019 WL 6698365, at *3 (S.D. Ohio Dec. 9, 2019).

The Northern District of Ohio (Judge James S. Gwin) agreed with this Court's decisions when it also denied intervention to an insurer of hotel defendants in one of the TVPRA cases this Court transferred to the Northern District. *S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 1:23-CV-00871, 2023 WL 4879941, at *1 (N.D. Ohio Aug. 1, 2023). All of these denied motions made the same arguments that Liberty makes in this case.

In its prior decisions, this Court held that hotel-defendants' insurers could not intervene as a matter of right because they did not have a "substantial legal interest" in this lawsuit. In reaching that conclusion, the Court observed that its "own precedent…makes clear that intervention is inappropriate where an insurer contests coverage and has no more than a contingent interest in the underlying action." *A.W.*, 2023 WL 50291741, at *3; <u>*K.C.,*</u> 2023 WL 2265214, at *2; *A.W.,* 2022 WL 17585249, at *2; *A.W.,* 2022 WL 17585903, at *3; *M.A.,* 2019 WL 6698365, at *3 (all citing *J4 Promotions, Inc. v Splash Dog, LLC*, No. 2:09-cv-136, 2010 WL 1839036, at * 3 (S.D. Ohio

3

May 3, 2010). *See also T.E.,* 2023 WL 5531441, at *14; *G.P.* 2023 WL 5018562, at *3; *S.C.*, 2023 WL 4879941, at *1.

The Court also denied intervention as a matter of right because the insurers' interests would not be impaired without intervention, and permitting intervention "will only prejudice the existing parties." *A.W.*, 2023 WL 50291741, at *3; *T.E.,* 2023 WL 5531441, at *13; *G.P.* 2023 WL 5018562, at *3; K.C., 2023 WL 2265214, at *3; *A.W.,* 2022 WL 17585249, at *3; *A.W.,* 2022 WL 17585903, at *3; *M.A.,* 2019 WL 6698365, at *3. *See also S.C.*, 2023 WL 4879941, at *1.

Finally, the Court denied intervention as a matter of right because the insurers failed to show that the existing parties did not adequately represent their interests. *A.W.*, 2023 WL 50291741, at *3; *T.E.,* 2023 WL 5531441, at *14; *G.P.* 2023 WL 5018562, at *3; K.C., 2023 WL 2265214, at *3; *A.W.,* 2022 WL 17585249, at *3; *A.W.,* 2022 WL 17585903, at *3; *M.A.,* 2019 WL 6698365, at *3. *See also S.C.*, 2023 WL 4879941, at *1.

This Court also held that the insurers were not entitled to permissible intervention because of "the lack of commonality with the main action and the risk of delay and prejudice…". *A.W.,* 2022 WL 17585249, at *4; *A.W.,* 2022 WL 17585903, at *4; *M.A.,* 2019 WL 6698365, at *4. *See also A.W.*, 2023 WL 50291741, at *4; *T.E.,* 2023 WL 5531441, at *14; *G.P.* 2023 WL 5018562, at *3; K.C., 2023 WL 2265214, at *3; *S.C.*, 2023 WL 4879941, at *1.

Liberty makes the same arguments that the insurers made in the eight already-denied motions to intervene in *K.C, A.W.*, *T.E., G.P., M.A*. and *S.C.* Therefore, the same conclusion reached in denying those prior motions should also follow here and Liberty's Motion to Intervene in this case should be denied.

## II. THE RELEVANT FACTS

Plaintiff filed this lawsuit against Defendants Red Roof on April 9, 2022, seeking recovery for alleged violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). (ECF #1, PageID # 39-40). Plaintiff's claims against Red Roof are based on allegations that she was trafficked for sex at several Red Roof Inns located in the Washington D.C. area between 2009 and 2012. (ECF # 1, PageID # 8-11).

Red Roof has denied the allegations against it. Liberty issued liability insurance policies to Red Roof, and is providing Red Roof with a defense to Plaintiff's claims under a reservation of rights. (ECF # 41, PageID # 493). Liberty has now moved to intervene in this action to pursue a declaratory judgment regarding its obligations to defend and/or indemnify Red Roof for the claims asserted against Red Roof in this case. (ECF # 41, PageID ## 491, 493).

## III. THE APPLICABLE LEGAL STANDARD

Liberty seeks to intervene pursuant to Federal Rules of Civil Procedure 24(a) and (b). Rule 24 states, in relevant part:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> **(1)** is given an unconditional right to intervene by a federal statute; or
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b) Permissive Intervention.**
>
> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
>
> **(A)** is given a conditional right to intervene by a federal statute; or

> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Fed. Civ. Rules 24(a) and (b).

Intervention of right under Rule 24(a) is only proper if the movant meets its burden of establishing all four of the following elements: (1) that the motion was filed timely; (2) that the intervener has a substantial legal interest in the subject matter of the case; (3) that interest will be impaired without intervention; and (4) the current parties inadequately protect the proposed intervener's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F. 3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F. 3d 394, 397–98 (6th Cir. 1999)). A failure to meet any one of these four factors requires denial of the motion to intervene *Id*. While the Sixth Circuit interprets the interest sufficient to invoke intervention of right expansively, "this does not mean that any articulated interest will do." *Granholm*, 501 F.3d at 780. Whether a sufficient substantial legal interest exists "is necessarily fact-specific." *Id.*

Permissive intervention under Rule 24(b)(1) lies within a trial court's sound discretion, but is only proper when timely sought by a movant who "has a claim or defense that shares with the main action a common question of law or fact." Fed Civ. R. 24(b)(1). However, even if that condition is met, intervention should be denied if it causes undue delay or prejudice to the original parties. *U.S. v. Michigan*, 424 F. 3d 438, 445 (6th Cir. 2005); *Shy v. Navistar Intern. Corp.*, 291 F. R. D. 128, 138 (S.D. Ohio 2013).

## IV.  LIBERTY'S MOTION SHOULD BE DENIED

Whether as a matter of right or permissive, Liberty has not met and cannot meet its burden to intervene. Therefore, its Motion to Intervene should be denied.

A.      **Liberty Has Not Met and Cannot Meet Its Burden for Intervention as of Right.**

As shown below, Liberty's Motion to Intervene as a matter of right should be denied because: (1) its request is untimely; (2) its interest in the case is contingent and unrelated, rather than substantial; (3) its ability to protect its interests will not be impaired without intervention; and (4) the current parties adequately represent its interests.

1.      **Liberty's Motion is not Timely.**

The Sixth Circuit has identified five (5) factors to determine whether a motion to intervene is timely: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed interveners knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed interveners' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011)(citing *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *Clean Up Co., LLC v. ADA Assistance Corp.*, 229 F.3d 1151, 2000 WL 1182473 (6th Cir. 2000)).

Liberty's Motion is untimely. With no explanation for its delay, Liberty filed its Motion on August 11, 2023, nearly one year and four months after the filing of Plaintiff's Complaint and nearly three and one-half months after the Court lifted its prior January 20, 2023 stay of this case to determine venue issues. (*See* Doc # 22; Doc # 33, PageID ## 429-30). This Court has previously held that a motion to intervene filed three and a half months after notice of a complaint was untimely given the impact of the delay and prejudice to the original parties. *See J4 Promotions, Inc. v Splash Dog, LLC*, No. 2:09-cv-136, 2010 WL 1839036, at * 4 (S.D. Ohio May 3, 2010). The negative impact of Liberty's delay in this case is heightened by its request to litigate issues concerning Red Roof's right to the insurance coverage Liberty provided. As this Court has

7

recognized in other cases where insurers sought to intervene for a declaration of coverage obligations, coverage disputes raise complex issues, divert attention from the issues in the underlying case and lead to increased discovery and motions related to the insurance claims that are irrelevant to the underlying action. *J4 Promotions, Inc.*, 2010 WL 1839036, at *4. Therefore, because of the delay in its filing and the prejudice it will cause the original parties to the underlying litigation, Liberty's Motion to Intervene should be denied.

### 2. **Liberty Does Not Have a Substantial Legal Interest in this Case-As an Insurer, Its Interests are Only Contingent.**

To successfully intervene, a movant must have an interest in the proceeding that is both substantial *and* direct, rather than contingent. *Konica Minolta Bus. Sols. U.S.A., Inc. v. Lowery Corp.*, No. CV 15-11254, 2018 WL 2225360, at *3 (E.D. Mich. Apr. 23, 2018), report and recommendation adopted, No. 15-11254, 2018 WL 2222199 (E.D. Mich. May 15, 2018)(citing *Adams v. Ohio Univ.,* No. 2:17-CV-200, 2017 WL 4618993 (S.D. Ohio Oct. 16, 2017). While a liability insurer has a direct interest in a lawsuit against its insured when it admits that it owes coverage to its insured, its interest in that lawsuit is only contingent when it has reserved the right to deny coverage. *Lowery,* 2018 WL 2225360, at *3-4 (citing *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989).

In this case, Liberty admits that it has reserved its rights to deny coverage to Red Roof, and seeks a declaration concerning its obligations to defend and indemnify Red Roof for Plaintiff's claims. (ECF # 41, PageID ## 493). Therefore, Liberty's interest in this case is contingent. Its interest is contingent on not one, but two separate questions of fact and law: (1) Liberty's coverage obligations to Red Roof as an insured under the policies Liberty issued and (2) Red Roof's alleged liability under TVPRA. *S.C.*, 2023 WL 4879941, at *1; *K.C.,* 2023 WL 2265214, at *2; *A.W.,* 2022 WL 17585249, at *2; *A.W.,* 2022 WL 17585903, at *3; *M.A.,* 2019 WL 6698365, at *2;

*Lowery,* 2018 WL 2225360, at *3-4; *Adams*, 2017 WL 4618993, at *2 (finding that the insurer's interest was contingent, rather than direct, until the insurer "knows whether or not it owes a duty to defend and/or indemnify" an insured); *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-CV-01074, 2012 WL 645996, at *1-2 (N.D. Ohio Feb. 28, 2012)(holding the insurer's interest was not direct because it was entirely contingent on future events: the plaintiff's success, and a determination of the insurer's duties under the insurance contract). *See also Travelers Indem. Co.*, 884 F.2d at 640 (denying motion to intervene because insurers should not be permitted "to drag substantive issues of insurance law into a lawsuit whose subject matter is the allocation of liability").

As this Court held in *M.A. v. Wyndham Hotels & Resorts, Inc.*, "failure to allege a direct and substantial interest in the subject of the litigation is alone fatal to [the insurer's] claim for intervention as of right." 2019 WL 6698365, at *3 (S.D. Ohio Dec. 9, 2019). Therefore, Liberty's clearly contingent interest in this lawsuit cannot justify intervention as a matter of right and its Motion to Intervene should be denied.

### 3. Liberty's Interests Will Not Be Impaired Absent Intervention.

To intervene as a matter of right, Liberty must also show that its ability to protect its interests will be impaired if its Motion is denied. *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997) (would-be intervener must demonstrate that substantial interest will be impaired absent intervention).

Liberty does not need to intervene in this suit to protect its interests. Insurance companies like Liberty have other means to determine insurance coverage, including the filing of a separate declaratory action. *J4 Promotions*, 2010 WL 1839036, at *3; *Adams*, 2017 WL 4618993, at *2. Moreover, permitting intervention where coverage is in dispute would allow an insurer to "interfere with and in effect control the defense." *Travelers Indem. Co.*, 884 F.2d at 639. Therefore,

Liberty should be required to litigate its contingent interest in a separate action to avoid prejudice to Red Roof's defense in this case. Accordingly, Liberty's Motion to Intervene should be denied.

### 4. The Current Parties Adequately Represent Liberty's Interests.

To intervene as a matter of right, Liberty must also meet its burden of showing that the existing parties will not adequately represent its interests. *Jansen v. City of Cincinnati*, 904 F.2d 336, 342 (6th Cir. 1990); *Grutter*, 188 F.3d at 400. A slight difference in interests between the intervener and the "supposed representative does not necessarily show inadequacy, if they both seek the same outcome." *Jansen*, 904 F.2d at 343.

As shown, Liberty's interest in this matter is contingent, and not direct and substantial. Therefore, this Court need not determine whether Liberty's interests are adequately represented in this case. *M.A.,* 2019 WL 6698365, at *3 (S.D. Ohio Dec. 9, 2019). However, even if this were an issue, Liberty has not met its burden of showing that its interests are not adequately represented.

Liberty and Red Roof both seek the same outcome in this case- a judgment in Red Roof's favor that would moot the need for Liberty to indemnify Red Roof. Thus, Plaintiff, Liberty and Red Roof all have a strong interest in litigating the underlying liability issues that would be central to any coverage dispute between Liberty and Red Roof. *See Microsoft Corp. v. World Tech Invs. LLC*, No. 1:18-CV-2915, 2019 WL 2314482, at *3 (N.D. Ohio May 31, 2019)("While neither Plaintiff nor Defendants seek a decision in this case on the coverage dispute, both have a strong interest in litigating the intellectual property infringement issue that is central to the potential coverage dispute."). Therefore, given the alignment of Red Roof's and Liberty's interests and the underlying litigation of the liability issues that are central to any coverage dispute Liberty seeks to intervene to address, Liberty cannot meet its burden of establishing that its interests in this case are not adequately represented. Therefore, Liberty's Motion to Intervene should be denied.

B.   **Liberty Has Not Met and Cannot Meet Its Burden for Permissible Intervention.**

For this Court to exercise its discretion to permit permissive intervention, Liberty must show that its Motion was timely and that it "has a claim or defense that shares with the main action a common question of law or fact." Fed Civ. R. 24(b)(1). Even if that condition is met, intervention should still be denied if causes undue delay or prejudice to the original parties. *U.S. v. Michigan*, 424 F. 3d 438, 445 (6th Cir. 2005); *Shy v. Navistar Intern. Corp.*, 291 F. R. D. 128, 138 (S.D. Ohio 2013).

As previously shown, having been filed over nearly one year and four months after the filing of Plaintiff's Complaint, Liberty's Motion to Intervene is untimely and, therefore, should be denied.

However, even if Liberty's Motion was timely filed, it should still be denied because of the lack of common questions of law or fact sufficient to warrant permissive intervention. *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio June 29, 2010) ("Even a timely application for permissive intervention should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties").

Plaintiff's claims in this case involve alleged sex trafficking and Red Roof's alleged liability under TVPRA. The claims Liberty seeks to assert by way of intervention are contract claims governed by different facts and a completely different body of contract law. Ohio federal courts have consistently found that there is little overlap between claims brought by an insurer related to an insurance policy and a plaintiff's claims for damages resulting from a defendant's alleged conduct. *Adams*, 2017 WL 4618993, at *3; *Design Basics, LLC v. A.J. Bokar Bldg. Co., Inc.*, No. 16-CV-669, 2016 WL 6067780, at *2 (N.D. Ohio Oct. 17, 2016) (The insurer "cannot

11

establish that its insurance action shares questions of law and facts with the underlying copyright action"); *Trs. Of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14-cv-00313, 2014 WL 5878201, at *3 (N.D. Ohio Nov. 10, 2014) (denying permissive intervention because declaratory judgment and underlying action would "require different evidence and different laws will apply").

In ruling on prior motions to intervene filed by insurers of hotel-defendants in TVPRA cases like this case, this Court recognized that while the insurers were "interested in the question of liability in this case, it is only insofar as it effects its coverage obligations. This interest is contingent on Plaintiff's success and requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action. Accordingly, [the insurers'] interest is not based on a sufficiently similar question of law or fact." *A.W.*, 2023 WL 50291741, at *4; *K.C.,* 2023 WL 2265214, at *3; *A.W.,* 2022 WL 17585249, at *4; *A.W.,* 2022 WL 17585903, at *4. *See also T.E.,* 2023 WL 5531441, at *14; *G.P.* 2023 WL 5018562, at **3-4; *S.C.*, 2023 WL 4879941, at *1; *M.A.,* 2019 WL 6698365, at *12-13 (all denying insurer's motion to intervene in action alleging TVPRA violations and holding that permissible intervention was improper for lack of common questions of law and fact and the risk of delay and prejudice).

The Court also held that the insurers' permissive intervention was not warranted because "there is a risk of delay and prejudice to the original parties if complex issues of coverage are introduced into a dispute, and intervention would force Plaintiff 'to become involved in a coverage dispute in which it does not yet have an interest.'" *A.W.*, 2023 WL 50291741, at *3; *G.P.* 2023 WL 5018562, at *3; *K.C.,* 2023 WL 2265214, at *4; *A.W.,* 2022 WL 17585249, at *4; *A.W.,* 2022 WL 17585903, at *4 (all citing and quoting *J4 Promotions,* 2010 WL 1839036 at *4; citing

12

*Krancevic v. McPherson*, 2004-Ohio-6915, ¶ 8, 2004 WL 2931012, at *2 (Ohio Ct. App., Dec. 16, 2004)). *See also T.E.,* 2023 WL 5531441, at *14; *S.C.*, 2023 WL 4879941, at *1.

Liberty's Motion to Intervene raises the same uncommon issues of law and fact, and the same risks of delay and prejudice, that lead this Court and the Northern District to deny the insurers' prior motions for permissible intervention in cases just like this one. Therefore, the same conclusions this Court and the Northern District reached when it denied those prior motions should follow here and Liberty's Motion should be denied.

## V. **CONCLUSION**

In prior cases just like this one, this Court has addressed motions to intervene filed by insurers of hotel-defendants that were based on the same alleged facts, claims and arguments that Liberty asserts in its Motion to Intervene in this case. This Court denied those prior motions to intervene. It held that intervention as a matter of right was not proper because: (1) the insurers had a contingent rather than "substantial legal interest" in this lawsuit; (2) the insurers' interests would not be impaired without intervention; (3) permitting intervention will only prejudice the existing parties; and (4) the insurers failed to show that their interests were not adequately represented by the existing parties. *T.E.,* 2023 WL 5531441, at *14; *A.W.*, 2023 WL 50291741, at *3; *G.P.* 2023 WL 5018562, at *3; *K.C.,* 2023 WL 2265214, at *2-3; *A.W.,* 2022 WL 17585249, at *2-3; *A.W.,* 2022 WL 17585903, at *3; *M.A.,* 2019 WL 6698365, at *3. *See also S.C.*, 2023 WL 4879941, at *1.

The Court also held that permissible intervention was improper because of the lack of commonality with the main action and the risk of delay and prejudice. *T.E.,* 2023 WL 5531441, at *14; *A.W.*, 2023 WL 50291741, at *3; *G.P.* 2023 WL 5018562, at *4; *K.C.,* 2023 WL 2265214, at *4; *A.W.,* 2022 WL 17585249, at *4; *A.W.,* 2022 WL 17585903, at *4; *M.A.,* 2019 WL 6698365, at *4. *See also S.C.*, 2023 WL 4879941, at *1.

The same result should follow here, and this Court should enter an Order denying Liberty's Motion to Intervene.

Respectfully submitted,

*/s/William H. Falin*
WILLIAM H. FALIN, ESQ. (0038839)
**Buckingham, Doolittle & Burroughs, LLC**
One Cleveland Center
1375 East 9th Street, Suite 1700
Cleveland, Ohio  44114
Phone: (216) 621-5300
Fax: (216) 621-5440
Email: wfalin@bdblaw.com
One of the Attorneys for Defendants
Red Roof Inns, Inc. and
Red Roof Franchising, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2023, a copy of the foregoing *Brief in Opposition to Motion to Intervene of Liberty Mutual Insurance Company* was filed electronically and served on all counsel of record via the Court's e-filing notification service.

/s/ *William H. Falin*
WILLIAM H. FALIN, ESQ.
One of the Attorneys for Defendants
Red Roof Inns, Inc. and
Red Roof Franchising, LLC