IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| *IN RE: HOTEL TVPRA LITIGATION*[1] | : | Case Nos. 2:22-cv-1924; 2:22-cv-2682; |
| | : | 2:22-cv-3185; 2:22-cv-3256; 2:22-cv-3258; |
| | : | 2:22-cv-3416; 2:22-cv-3766; 2:22-cv-3767; |
| | : | 2:22-cv-3768; 2:22-cv-3769; 2:22-cv-3770; |
| | : | 2:22-cv-3771; 2:22-cv-3773; 2:22-cv-3774; |
| | : | 2:22-cv-3776; 2:22-cv-3778; 2:22-cv-3782; |
| | : | 2:22-cv-3784; 2:22-cv-3786; 2:22-cv-3787; |
| | : | 2:22-cv-3788; 2:22-cv-3797; 2:22-cv-3811; |
| | : | 2:22-cv-3839; 2:22-cv-3844; 2:22-cv-3846 |
| | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| | : | |

**OPINION & ORDER**

This matter is before this Court on Motions to Intervene by Proposed Intervenor Liberty Mutual Fire Insurance Company ("LMFIC") in the twenty-six above captioned cases. (*See e.g.*, *L.G. v. Red Roof Inns, Inc. et al.*, Case No: 22-cv-1924, ECF No. 41).[2] For the following reasons, Proposed Intervenor's Motions are **DENIED**.

**I.    BACKGROUND**

These cases arise under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Plaintiffs allege they were trafficked for sex at various Red Roof Inn properties. (*See e.g.,* ECF No. 1 at 9-10). Plaintiffs seek to hold Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC (collectively, "Red Roof"), and other hotel corporations

---

[1] For the convenience of the parties and for administrative purposes, this Court will collectively refer to the above captioned cases and all related cases as "*In re Hotel TVPRA Litigation.*" The clerk is **DIRECTED** to file this Opinion & Order in **ONLY** those cases identified in the caption.
[2] This Court will only cite to the record of the first filed case at issue, *L.G. v. Red Roof Inns, Inc. et al.*, Case No: 22-cv-1924, since it is representative of the above captioned cases for the purpose of resolving the instant Motions to Intervene, which are all substantially similar.

1

not relevant here, liable for ignoring and thereby facilitating commercial sex trafficking at their properties, while enjoying the profits of rooms rented by traffickers. (*Id*. at 1-2).

As a result, Red Roof has requested insurance coverage under several policies issued to it by LMFIC. (*See e.g.,* ECF No. 41 at 3). Between March 2023 and August 2023, pursuant to Federal Rule of Civil Procedure 24, LMFIC moved to intervene in the twenty-six above captioned cases against Red Roof for the purpose of seeking a declaratory judgment that LMFIC is not obligated to defend or indemnify Red Roof. (*See e.g., id.* at 1; ECF No. 41-1 at 3). In its Motions to Intervene, LMFIC explains that it is currently providing a defense to Red Roof subject to a reservation of rights. (*See e.g.,* ECF No. 41 at 3). LMFIC argues it has a right to intervene, pursuant to Rule 24(a), to protect adequately its interests in these cases. (*See e.g., id.* at 4-5). Alternatively, LMFIC argues that this Court should exercise its discretion to grant permissive intervention. (*See e.g., id*. at 5-6). Both Plaintiff and Red Roof timely opposed all twenty-six of the motions. (*See e.g.*, ECF Nos. 44; 45). LMFIC did not reply. Therefore, these Motions are ripe for review.

## II. STANDARD OF REVIEW

Intervention as of right under Rule 24(a)(2) requires a timely motion by a movant who:

> claims an interest relating to the property or transaction that is the subject of the action[] and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The Sixth Circuit requires movants to establish: (1) that the motion was filed timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that an interest will be impaired without intervention; and (4) the current parties inadequately protect the proposed intervenor's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F. 3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F. 3d 394, 397-98 (6th Cir. 1999)).

2

A "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F. 2d 343, 345 (6th Cir. 1989) (citing *Triax Co. v. TRW Inc.*, 724 F. 2d 1224, 1227 (6th Cir. 1984)). While the Sixth Circuit interprets the interest sufficient to invoke intervention of right expansively, not "any articulated interest will do." *Granholm*, 501 F.3d at 780.

Permissive intervention, on the other hand, permits a court to exercise its sound discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). If the motion is timely and there is at least one common question of law or fact, this Court considers whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *U.S. v. Michigan*, 424 F. 3d 438, 445 (6th Cir. 2005); *Shy v. Navistar Intern. Corp.*, 291 F. R. D. 128, 138 (S.D. Ohio 2013).

### III. LAW AND ANALYSIS

#### A. Intervention as of Right

*1. Substantial legal interest*

This Court begins its analysis with a discussion of LFMIC's asserted interests—prong two of the Sixth Circuit's required test.[3] An entity seeking to intervene must have a substantial and direct interest in a proceeding, not simply a contingent one. *See Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 154 (1967) (noting that a proposed intervenor must have an interest that is "sufficiently direct and immediate to justify his entry as a matter of right."); *see also Adams v. Ohio Univ.*, 2017 WL 4618993, at *2 (S.D. Ohio Oct. 16, 2017) (same). LMFIC argues that since Red Roof has sought coverage under LMFIC-issued policies, LMFIC has a direct

---

[3] Because the parties' discussion of timeliness is minimal, and because this Court finds the Motions fail for other reasons, it is not necessary to undergo analysis of the timeliness of each of the twenty-six motions.

3

pecuniary interest—and therefore, a substantial legal interest—in the cases in which it seeks to intervene. (ECF No. 41 at 5). Plaintiffs and Red Roof, however, argue that an insurer's interest can only be a contingent one when the insurer reserves the right to deny coverage, as LMFIC has done here.

Plaintiffs and Red Roof are correct. LMFIC's interests here are contingent, as they are dependent on a determination of both: (1) Red Roof's liability under the TVPRA; and (2) LMFIC's obligations to Red Roof under the relevant insurance contracts. *See Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-cv-01074, 2012 WL 645996, at *1 (N.D. Ohio Feb. 28, 2012) (insurer's interest was not direct nor substantial because it was contingent on the outcome of the litigation). In fact, courts routinely deny intervention to insurers contesting coverage, finding their interest in the underlying action merely contingent and unrelated to the cause of action. *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-00849, 2022 WL 622124, at *2 (S.D. Ohio Mar. 3, 2022) (finding the intervention interest of an insurer of defendant hotel franchisors merely contingent rather than substantial, where Plaintiff's claim focused on sex trafficking violations under the TVPRA); *Adams*, 2017 WL 4618993, at *2 (finding that an insurer's interest is contingent until the insurer "knows whether or not it owes a duty to defend and/or indemnify" an insured); *J4 Promotions, Inc. v. Splash Dog, LLC*, No. 2:09-cv-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (concluding intervention is inappropriate where an insurer contests coverage, but only has a contingent interest in the underlying action). Permitting LMFIC to intervene here would "allow it to interfere with and in effect control the defense," even when Red Roof still "faces the very real risk of uninsured liability." *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 639 (1st Cir. 1989).

4

Moreover, the state law contract claims that LMFIC seeks to litigate do not directly relate to the subject of the above-captioned lawsuits, in which Plaintiffs assert violations of the TVPRA. The resolution of those distinct issues "necessarily will involve the application of different laws and the presentation of different evidence." *Adams*, 2017 WL 4618993, at *2. Insurers may not "drag substantive issues of insurance law into a lawsuit whose subject matter is the allocation of liability." *Travelers Indem.*, 884 F.2d at 640.

Such a "failure to allege a direct and substantial interest in the subject of the litigation is alone fatal to [the insurer's] claim for intervention as of right." *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2019 WL 6698365, at *3 (S.D. Ohio Dec. 9, 2019). Nonetheless, this Court will consider the two remaining elements in the Sixth Circuit's test.

### 2. Interest will be impaired without intervention

Ohio law requires insurance companies to move to intervene or else be bound by collateral estoppel. *See Howell v. Richardson*, 544 N. E. 2d 879, 881 (Ohio 1989). LMFIC argues that, as a result, its interests will be impaired without intervention because Red Roof may later assert that LMFIC is collaterally estopped from litigating whether the alleged conduct falls within the scope of LMFIC's insurance coverage. (*See e.g.*, ECF No. 41 at 5). But, in the same breath, LMFIC acknowledges that it does not need to *intervene* in this lawsuit to protect its interests; rather, it simply needs to *move* to intervene. (*Id.*). In 2007, the Ohio Supreme Court ruled that when an insurer has sought and has been denied intervention, collateral estoppel will not prohibit future litigation with respect to the insurer's coverage. *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007). Thus, LMFIC's interests have been preserved by virtue of having filed the instant motions, and, at least in this respect, LMFIC is free to pursue a separate action regarding its obligations to Red Roof.

5

*3. Sufficiency of representation*

LMFIC asserts that existing parties would not adequately represent its interests because Red Roof's principal interest in the above captioned cases is to obtain insurance coverage for their conduct. (*See e.g.*, ECF No. 41 at 5). Not so. Surely, Red Roof's primary objective in the above captioned cases is to avoid liability to Plaintiffs under the TVPRA, an interest which LMFIC shares. (*See* ECF 44 at 7; ECF No. 44 at 10). This Court has no reason to believe that Red Roof will not vigorously defend itself, thereby representing LMFIC's interests with respect to liability under the TVPRA. A "slight difference" in the parties' interests, such as this one, "does not necessarily show inadequacy, if they both seek the same outcome." *Jansen v. City of Cincinnati*, 904 F.2d 336, 343 (6th Cir. 1990).

In sum, for several independently sufficient reasons, LMFIC is not entitled to intervention as of right under Rule 24(a)(2).

**B. Permissive Intervention**

Alternatively, LMFIC seeks permissive intervention under Rule 24(b) which permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." (*See e.g.*, ECF No. 41). LMFIC argues that each of its Motions is timely and contains one common question of law or fact with the underlying action because the coverage issue that it seeks to resolve would turn on the same set of facts as the liability issue under the TVPRA. (*See e.g., id.* at 6). Plaintiffs and Red Roof argue that the claims LMFIC seeks to litigate do not share common questions of law or fact with this lawsuit because they pertain to coverage and contract interpretation, not sex trafficking. (*See e.g.*, ECF No. 44 at 12; ECF No. 45 at 8). Finally, Plaintiffs and Red Roof assert

6

LMFIC's Motions are an unnecessary interjection that would require "increased time and energy, and create undue delays in the litigation." (*See e.g.*, ECF No. 44 11-13; ECF No. 45 at 9).

A motion for permissive intervention "should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio Jun. 29, 2010); *see also Design Basics, LLC v. A.J. Bokar Bldg. Co., Inc.*, No. 16-cv-669, 2016 WL 6067780, at *2 (N.D. Ohio Oct. 17, 2016) (The insurer "cannot establish that its insurance action shares questions of law and fact with the underlying copyright action"); *Trs. of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14-cv-00313, 2014 WL 5878201, at *3 (N.D. Ohio Nov. 10, 2014) (denying permissive intervention because declaratory judgment and underlying action would "require different evidence and different laws will apply"). While LMFIC is interested in the question of liability in this case, it is only insofar as it effects its coverage obligations. This interest is contingent on Plaintiffs' success and requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action.

Further, the risk of delay and prejudice weigh against permissive intervention in this case. As this Court discussed in *J4 Promotions*, there is a risk of delay and prejudice to the original parties if complex issues of insurance coverage are introduced, and intervention would force Plaintiff "to become involved in a coverage dispute in which it does not yet have an interest." 2010 WL 1839036 at *4.

Accordingly, given the foregoing analysis, this Court declines to exercise its discretion to grant LMFIC permissive intervention.

7

## IV. CONCLUSION

For the foregoing reasons, all twenty-six of Proposed Intervenor LMFIC's Motions to Intervene (*see e.g.*, ECF No. 41) are **DENIED**.

**IT IS SO ORDERED.**

                                                      **ALGENON L. MARBLEY**
                                                      **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 28, 2023**